GARY M. RESTAINO
United States Attorney
District of Arizona

BRIAN E. KASPRZYK
Assistant United States Attorney
Pennsylvania State Bar No. 082701
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: brian.kasprzyk@usdoj.gov
Attorneys for Plaintiff

FILED ___ LODGED
RECEIVED ___ COPY

DEC 1 4 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No.   CR-21-01044-PHX-GMS (MTM) |
|---|---|
| Plaintiff, | |
| vs. | **INDICTMENT** |
| 1. Cristian Antonio Warren Saldana, (Counts 1 - 10) | VIO:   18 U.S.C. § 924(a)(1)(A) (False Statement During Purchase of A Firearm) Counts 1 - 15 |
| 2. Elizabeth Vieyra Renteria, (Counts 11 - 14) | 18 U.S.C. §§ 924(d) and 981; 21 U.S.C. § 853; and 28 U.S.C. § 2461(c) (Forfeiture Allegation) |
| 3. Sergio Figueroa Maldonado, (Count 15) | |
| Defendants. | |

**THE GRAND JURY CHARGES:**

<u>**COUNTS 1 - 10**</u>

On or about the dates listed below, in the District of Arizona, Defendant CRISTIAN ANTONIO WARREN SALDANA knowingly made false statements and representations to the businesses listed below, each of which was a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant CRISTIAN ANTONIO WARREN SALDANA did

execute a Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473, Firearm Transaction Record, stating that he lived at the address listed on the Form 4473, when in truth and fact, he did not live at that address, and he also stated that he was the actual transferee or buyer and was not buying the firearms on behalf of another person, when in truth and fact, he knew he was buying the firearms on behalf of another person:

| Count | Date | Business |
| --- | --- | --- |
| 1 | 3/20/2019 | Jones & Jones, Somerton, Arizona |
| 2 | 3/22/2019 | Jones & Jones, Somerton, Arizona |
| 3 | 3/23/2019 | Jones & Jones, Somerton, Arizona |
| 4 | 3/26/2019 | Sprague's Sports, Yuma, Arizona |
| 5 | 3/30/2019 | Jones & Jones, Somerton, Arizona |
| 6 | 4/2/2019 | Jones & Jones, Somerton, Arizona |
| 7 | 4/4/2019 | Jones & Jones, Somerton, Arizona |
| 8 | 4/17/2019 | Jones & Jones, Somerton, Arizona |
| 9 | 4/18/2019 | Jones & Jones, Somerton, Arizona |
| 10 | 4/19/2019 | Jones & Jones, Somerton, Arizona |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

### COUNTS 11 - 14

On or about the dates listed below, in the District of Arizona, Defendant ELIZABETH VIEYRA RENTERIA knowingly made false statements and representations to the businesses listed below, each of which was a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of each listed business, in that Defendant ELIZABETH VIEYRA RENTERIA did execute a Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473,

Firearm Transaction Record, stating that she lived at the address listed on the Form 4473, when in truth and fact, she did not live at that address, and she also stated that that she was the actual transferee or buyer and was not buying the firearms on behalf of another person, when in truth and fact, she knew she was buying the firearms on behalf of another person:

| Count | Date | Business |
|-------|------|----------|
| 11 | 4/4/2019 | Jones & Jones, Somerton, Arizona |
| 12 | 4/6/2019 | Jones & Jones, Somerton, Arizona |
| 13 | 4/9/2019 | Jones & Jones, Somerton, Arizona |
| 14 | 4/23/2019 | Jones & Jones, Somerton, Arizona |

In violation of Title 18, United States Code, Section 924(a)(1)(A).

### COUNT 15

On or about March 13, 2019, in the District of Arizona, Defendant SERGIO FIGUEROA MALDONADO knowingly made false statements and representations to *Jones and Jones*, located in Somerton, Arizona, a business licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of *Jones and Jones*, in that Defendant SERGIO FIGUEROA MALDONADO did execute a Department of Justice Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473, Firearm Transaction Record, stating that he lived at the address listed on the Form 4473, when in truth and fact, he did not live at that address, and he also stated that he was the actual transferee or buyer and was not buying the firearms on behalf of another person, when in truth and fact, he knew he was buying the firearms on behalf of another person.

In violation of Title 18, United States Code, Section 924(a)(1)(A).

### FORFEITURE ALLEGATION

The Grand Jury realleges and incorporates the allegations of Counts 1-15 of this Indictment, which is incorporated by reference as though fully set forth herein.

- 3 -

Pursuant to 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and upon conviction of the offenses alleged in Counts 1-15 of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense as to which property the defendants are liable. If any forfeitable property, as a result of any act or omission of the defendant:

> (1) cannot be located upon the exercise of due diligence,

> (2) has been transferred or sold to, or deposited with, a third party,

> (3) has been placed beyond the jurisdiction of the court,

> (4) has been substantially diminished in value, or

> (5) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

All in accordance with 18 U.S.C. §§ 924(d) and 981, 21 U.S.C. § 853, 28 U.S.C. § 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

/s/
FOREPERSON OF THE GRAND JURY
Date:  December 14, 2021

GARY M. RESTAINO
United States Attorney
District of Arizona

/s/
BRIAN E. KASPRZYK
Assistant U.S. Attorney